1  Brett L. Gibbs, Esq. (SBN 251000)
   Steele Hansmeier PLLC.
2  38 Miller Avenue, #263
   Mill Valley, CA 94941
3  415-341-5318
   blgibbs@wefightpiracy.com
4
   *Attorney for Plaintiff*

**E-filing**

**FILED**

MAR 28 2011

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5
6
7          IN THE UNITED STATES DISTRICT COURT FOR THE

8          NORTHERN DISTRICT OF CALIFORNIA          **EMC**

9          SAN FRANCISCO DIVISION

10

11
   MCGIP, LLC,                              **CV No. 11      1495**
12
                    Plaintiff,        )     Judge:
13          v.                        )
                                      )
14   DOES 1-18                        )     **COMPLAINT**
                                      )
15               Defendants.          )
                                      )     **DEMAND FOR JURY TRIAL**
16                                    )
                                      )
17

18                              **COMPLAINT**

19   NOW COMES Plaintiff MCGIP, LLC by and through its undersigned counsel, and complains and

20   alleges as follows:

21                        **JURISDICTION AND VENUE**

22
          1.      This action is reactionary.  Plaintiff brings this civil action under the United States
23
     Copyright Act and its related conspiracy claim to combat the Doe Defendants' intentional
24
     infringement of Plaintiff's copyrighted creative works.  The Doe Defendants, whose names Plaintiff
25
26   expects to ascertain during expedited discovery, illegally reproduced and distributed Plaintiff's

27

28

1  copyrighted creative works (hereinafter "Work") over an Internet computer network peer-to-peer

2  "sharing" website and, upon information and belief, continue to do so as of the filing of this suit.

3       2.      Per N.D. Cal. Local Rule 3-5, this Court has federal subject matter jurisdiction over

4  the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the

5  Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil

6  actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts

7  original jurisdiction over any Congressional acts relating to copyrights).  This Court has

8  supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is

9  directly related to Plaintiff's copyright infringement claim, which is within this Court's original

10 jurisdiction, such that the two claims form part of the same case and controversy under Article III of

11 the United States Constitution.

12

13      3.      This Court has personal jurisdiction over all of the parties because, upon credible

14 information and belief gathered by Plaintiff, all the Doe Defendants either reside or committed

15 copyright infringement in the State of California.  Plaintiff used geolocation technology to trace the

16 IP addresses of each Doe Defendant to a point of origin within the State of California.  This Court

17 also has personal jurisdiction over non-resident Defendants under the California long-arm statute,

18 California Code of Civil Procedure § 410.10, because they downloaded copyrighted content from, or

19 uploaded it to, California residents, and thus committed copyright infringement in and through this

20 State, and engaged in a civil conspiracy to commit copyright infringement with California residents.

21 (*See also* Federal Rule of Civil Procedure ("FRCP") 4(k)(1)(A)).

22

23      4.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b)

24 and 1400(a) because, on information and belief, Doe Defendants reside in this District, may be found

25 in this District, and/or committed acts in this District giving rise to Plaintiff's claims. Per N.D. Cal.

26 Local Rule 3-2(c), this intellectual property action is exempt these requirements.

COMPLAINT                                                    CASE NO.

5.     Joinder of Defendants is proper for just adjudication because all Defendants participated in a civil conspiracy to commit copyright infringement, which comprised of a series of transactions that ultimately ended in the Doe Defendants' illicit distribution of Plaintiff's unique Work amongst one another.  The series of transactions in this case involved exchanging pieces of the Work's file over the Internet amongst Doe Defendants with each Doe Defendant sharing pieces of Plaintiff's copyrighted file with each other (otherwise known as "torrent swarming") to obtain a complete copy of Plaintiff's Work.  The nature of the BitTorrent distribution protocol necessitates a concerted action by many people in order to disseminate files, such as Plaintiff's Work.  Due to BitTorrent's setup and this concerted action, it is impossible for individuals to the simply download files on BitTorrent without the active participation of others.  Doe Defendants in this case, in order to download Plaintiff's Work, intentionally engaged in this concerted action with other Doe Defendants and other yet unnamed individuals on BitTorrent by entering the torrent swarm.  The Doe Defendants are properly joined even if they were not engaged in a contemporaneous swarm because they have contributed to the chain of data distribution due to their prior involvement in like swarms.  Doe Defendants also share the same questions of law with respect to their copyright infringement, including, but not limited to:

(A) Whether Plaintiff is the exclusive licensee of the copyrighted works at issue;

(B) Whether "copying" has occurred within the meaning of the Copyright Act;

(C) Whether entering a "torrent swarm" constitutes a willful act of infringement;

(D) Whether entering a "torrent swarm" constitutes a civil conspiracy; and

(E) Whether, and to what extent, Plaintiff has been damaged by the Doe Defendants' conduct.

All of these questions should be answered as part of a single suit for all of the reasons outlined by FRCP 19(a).  Such joinder is mandated if "feasible."  Such joinder is entirely "feasible" in this case.

COMPLAINT                                                    CASE NO.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PARTIES**

6.      Plaintiff is a Minnesota-based limited liability company that distributes adult entertainment content.

7.      The unique copyrighted work at issue in this case is an adult video entitled Well Hung Amateurs 5 (hereinafter "Work").

8.      Doe Defendants' actual names are unknown and unascertainable to Plaintiff. Instead, Plaintiff knows each Doe Defendant only by an Internet Protocol address (hereinafter "IP address"), which is a number assigned to devices, such as computers, connected to the Internet by an Internet Service Provider (hereinafter "ISP"). In the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents observed unlawful reproduction and distribution occurring among IP addresses listed on Exhibit A, attached hereto, via the BitTorrent Internet protocol, an Internet website allowing for "peer-to-peer" (hereinafter "P2P") data exchanging. Plaintiff believes that the Defendants' identities will be revealed through expedited discovery, at which time Plaintiff will seek leave of the Court to amend this Complaint to identify Defendants by name. Further, Plaintiff believes that the information gathered in discovery will allow Plaintiff to identify additional Defendants not listed in the Exhibit A, as infringement monitoring is ongoing.

**BACKGROUND**

9.      BitTorrent is a modern file sharing method (hereinafter "protocol") used for distributing data via the Internet.

10.     Traditional file transfer protocols involve a central server, which distributes data directly to individual users. This method is prone to collapse when large numbers of users request data from the central server, in which case the server can become overburdened and the rate of data transmission can slow considerably or cease altogether. In addition, the reliability of access to the

4

COMPLAINT                                                          CASE NO.

1    data stored on a server is largely dependent on the server's ability to continue functioning for

2    prolonged periods of time under high resource demands.

3            11.     In contrast, the BitTorrent protocol is a decentralized method of distributing data.

4    Instead of relying on a central server to distribute data directly to individual users, the BitTorrent

5    protocol allows individual users to distribute data among themselves by exchanging pieces of the file

6    with each other to eventually obtain a whole copy of the file. When using the BitTorrent protocol,

7    every user simultaneously receives information from and transfers information to one another.

8

9            12.     In BitTorrent vernacular, individual downloaders/distributors of a particular file are

10   called peers. The group of peers involved in downloading/distributing a particular file is called a

11   swarm. A server which stores a list of peers in a swarm is called a tracker. A computer program

12   that implements the BitTorrent protocol is called a BitTorrent client. Each swarm is unique to a

13   particular file.

14

15           13.     The BitTorrent protocol operates as follows. First, a user locates a small "torrent"

16   file. This file contains information about the files to be shared and about the tracker, the computer

17   that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client,

18   which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker

19   responds with a list of peers and the BitTorrent client connects to those peers to begin downloading

20   data from and distributing data to the other peers in the swarm. When the download is complete, the

21   BitTorrent client continues distributing data to other peers in the swarm until the user manually

22   disconnects from the swarm or the BitTorrent client otherwise does the same.

23

24           14.     The degree of anonymity provided by the BitTorrent protocol is extremely low.

25   Because the protocol is based on peers connecting to one another, a peer must broadcast identifying

26   information (i.e. an IP address) before it can receive data. Nevertheless, the actual names of peers in

27

28

                                              5
                                         COMPLAINT                              CASE NO.

1   a swarm are unknown, as the users are allowed to download and distribute under the cover of their

2   IP addresses.

3       15.    The BitTorrent protocol is an extremely popular method for transferring data. The

4
    size of swarms for popular files can reach into the tens of thousands of unique peers. A swarm will
5
    commonly have peers from many, if not every, state in the United States and several countries
6
7   around the world. And every peer in the swarm participates in distributing the file to dozens,

8   hundreds, or even thousands of other peers.

9       16.    The BitTorrent protocol is also an extremely popular method for unlawfully copying,

10  reproducing, and distributing files in violation of the copyright laws of the United States. A broad

11
    range of copyrighted albums, audiovisual files, photographs, software, and other forms of media are
12
    available for illegal reproduction and distribution via the BitTorrent protocol.
13

14      17.    Efforts at combating BitTorrent-based copyright infringement have been stymied by

15  BitTorrent's decentralized nature. Because there are no central servers to enjoin from unlawfully

16  distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts.

17  Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and

18  efficient means of transferring enormous quantities of data also acts to insulate it from anti-piracy

19  measures.
20
                        **ALLEGATIONS COMMON TO ALL COUNTS**
21
22      18.    At all times relevant hereto, Plaintiff has been the exclusive owner of the applicable

23  distribution and reproduction rights of the Work at issue in this action.

24      19.    Plaintiff's rights to the distribution and reproductions cover distribution and

25  reproduction via the BitTorrent protocol.
26
        20.    The Work is the subject of a copyright registration application and the application is
27
    currently pending in the United States Copyright Office.
28

COMPLAINT                                                           CASE NO.

21. The Work is available only to individuals who actually purchase the content, but was downloaded illicitly on well-known digital piracy websites in which the content available for download consists of copyrighted material.

22. Plaintiff employs proprietary P2P network forensic software to perform exhaustive real time monitoring of BitTorrent-based swarms involved in distributing Plaintiff's copyrighted creative works. This software is effective and accurate in capturing data about the activity of peers in a swarm and their infringing conduct.

23. Doe Defendants, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Work, purposefully loaded that torrent file into their BitTorrent clients, entered a BitTorrent swarm particular to Plaintiff's Work, and reproduced and distributed the Work to numerous third parties.

24. Plaintiff observed the Doe Defendants' activities in the torrent swarm specific to the Work and created a log of IP address identifying each Defendant and the date and time of the Doe Defendant's activity, attached hereto as Exhibit A.

## COUNT I – COPYRIGHT INFRINGEMENT

### (U.S. Copyright Act – 17 U.S.C. §§ 101-1332)

25. Plaintiff hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

26. Doe Defendants' conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

27. Each Doe Defendant knew, should have known, or had some constructive knowledge that their acts constituted copyright infringement.

COMPLAINT                                                    CASE NO.

28.    Doe Defendants' conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights. Doe Defendants' active participation on BitTorrent swarms relating to Plaintiff's Work make this fact abundantly clear.

29.    Plaintiff has been damaged by Doe Defendants' conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate Plaintiff for all of the past, and possibly future, damages stemming from the Doe Defendants' conduct. In fact, further irreparable harm to Plaintiff's copyrights and exclusive rights is imminent without Court intervention. Without restrictions, these infringers will run rampant.

30.    Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

31.    As Defendants' infringement was intentional and willful, the Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

## COUNT II – CIVIL CONSPIRACY
### (California Common Law Tort)

32.    Plaintiff hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

33.    In using the P2P BitTorrent file distribution method, each Doe Defendant participated in, aided in, attempted to aid in, or at least knew of the formation and operation of a common-plan conspiracy to unlawfully reproduce and distribute Plaintiff's Work by exchanging pieces of the Work file in a torrent swarm on BitTorrent.

34.    Doe Defendants, in participating in said conspiratorial file exchanging network, agreed to engage in a concerted tortious action with other (currently discovered and undiscovered) Doe Defendants on the network to reproduce and distribute Plaintiff's Work.

COMPLAINT                                                                      CASE NO.

35.     Each of the Doe Defendants was an active participant in downloadeding a torrent file, opening it using a BitTorrent client, and then entering a torrent swarm comprised of other individuals improperly distributing and reproducing Plaintiff's Work without Plaintiff's permission, causing infringement damage to Plaintiff.

36.     Participants in the torrent swarm, including Doe Defendants, have conspired to provide other individuals with pieces of Plantiff's Work in exchange for receiving other pieces of the same Work, eventually obtaining a complete copy of the file.

37.     In furtherance of this civil conspiracy, Doe Defendants committed overt tortious and unlawful acts by using BitTorrent software to download the Work from, and distribute it to, others, and were willful participants in this joint activity.

38.     Doe Defendants were fully aware of their participation in this conspiracy by taking part of these swarms on BitTorrent, and, in downloading Plaintiff's Works, demonstrates their understanding of their role in this conspiracy.

39.     As a proximate result of this conspiracy, Plaintiff has been damaged as alleged above, and seeks just compensation for Doe Defendants' unjust acts.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby respectfully prays this Court for Judgment and relief as follows:

1)     That the Court enter a written judgment declaring that the Doe Defendants have infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful;

2)     That the Court enter a written judgment declaring that the Doe Defendants have injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

COMPLAINT                                                    CASE NO.

3)      That the Court issue injunctive relief against Doe Defendants, enjoinng and restrianing the Doe Defendants and all others in active concert with them from further violating Plaintiff's copyrighted Works, and further issue an order impounding or requiring Doe Defendants to destroy all copies of those unlawfully copyrighted files in Doe Defendants' possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a);

4)      That the Court enter a written judgment in favor of the Plaintiff against Defendants for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial;

5)      As to Count II, that the Court order Doe Defendants jointly and severally liable to Plaintiff in the full amount of the Judgment on the basis of a common law claim for civil conspiracy to commit copyright infringement; and for an award of compensatory damages based on the civil conspiracy count in favor of the Plaintiff and against Defendants, jointly and severally, in an amount to be determined at trial;

//

//

//

//

//

//

//

//

//

//

10

COMPLAINT                                                                CASE NO.

6)     That the Court enter a written judgment in favor of Plaintiff against the Defendants awarding the Plaintiff reasonable attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action pursuant to 17 U.S.C. § 505; and

7)     That the Court issue any such further relief as the Court deems approriate.

Respectfully Submitted,

MCGIP, LLC

**DATED: March 28, 2011**

By: 

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by FRCP 38(a).

By: 

Brett L. Gibbs, Esq. (SBN 251000)

*Attorney for Plaintiff*

COMPLAINT                                                CASE NO.

# EXHIBIT A

| IP Address | ISP | Date/Time (UTC) | Torrent File |
|---|---|---|---|
| 173.55.108.244 | Verizon Online | 2011-03-16 10:47:16 PM | Well Hung Amateurs 5 |
| 24.161.169.151 | Road Runner HoldCo | 2011-03-17 11:29:04 AM | Well Hung Amateurs 5 |
| 66.75.201.187 | Road Runner HoldCo | 2011-03-16 12:22:25 AM | Well Hung Amateurs 5 |
| 67.164.12.140 | Comcast Cable | 2011-03-17 01:20:55 AM | Well Hung Amateurs 5 |
| 67.169.86.213 | Comcast Cable | 2011-03-18 09:33:50 AM | Well Hung Amateurs 5 |
| 68.122.6.115 | AT&T Internet Services | 2011-03-16 06:42:31 PM | Well Hung Amateurs 5 |
| 68.123.46.9 | AT&T Internet Services | 2011-03-21 06:07:30 PM | Well Hung Amateurs 5 |
| 68.125.55.175 | AT&T Internet Services | 2011-03-16 03:53:53 PM | Well Hung Amateurs 5 |
| 68.8.188.151 | Cox Communications | 2011-03-18 10:39:22 AM | Well Hung Amateurs 5 |
| 69.111.165.189 | AT&T Internet Services | 2011-03-22 05:55:48 PM | Well Hung Amateurs 5 |
| 74.100.104.164 | Verizon Online | 2011-03-15 11:09:53 PM | Well Hung Amateurs 5 |
| 76.172.226.75 | Road Runner HoldCo | 2011-03-16 12:22:25 AM | Well Hung Amateurs 5 |
| 76.221.203.117 | AT&T Internet Services | 2011-03-15 09:56:54 PM | Well Hung Amateurs 5 |
| 76.94.111.254 | Road Runner HoldCo | 2011-03-22 12:24:37 AM | Well Hung Amateurs 5 |
| 96.251.78.26 | Verizon Online | 2011-03-16 06:26:56 AM | Well Hung Amateurs 5 |
| 98.207.93.197 | Comcast Cable | 2011-03-17 07:30:22 AM | Well Hung Amateurs 5 |
| 98.234.7.158 | Comcast Cable | 2011-03-16 08:55:31 AM | Well Hung Amateurs 5 |
| 98.248.13.133 | Comcast Cable | 2011-03-18 05:12:15 AM | Well Hung Amateurs 5 |