IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MCGIP, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>DOES 1-18,<br><br>  Defendants. | No. 11-cv-01495 EMC<br><br>**DOE 24.161.169.151'S MOTION TO QUASH AND/OR MODIFY PLAINTIFF MCGIP, LLC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO TIME WANER CABLE** |



Pursuant to the April 26, 2011, Stipulation; Order (Docket Entry No. 10) and Federal Rule of Civil Procedure 45(c)(3), the undersigned ("DOE 24.161.169.151")[1], pro se, moves to quash and/or modify Plaintiff MCGIP, LLC's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Time Warner Cable ("the subpoena"). DOE 24.161.169.151 limits his appearance in this case to the purpose of moving to quash and/or modify the subpoena. Specifically, DOE 24.161.169.151 does not acquiesce to the jurisdiction of this Court, nor does he waive any right to contest jurisdiction and/or venue in the future. This motion is accompanied and supported by the Declaration of DOE 24.161.169.151 In Support of Motion to Quash and/or Modify Plaintiff MCGIP, LLC's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Time Warner Cable ("Declaration").

For the reasons set forth below, DOE 24.161.169.151 respectfully requests that the Court quash the subpoena or, alternatively, strike DOE 24.161.169.151 from the scope of the subpoena

---

[1] The undersigned identifies himself as the subscriber associated with the IP Address 24.161.169.151, identified in Exhibit A to Plaintiff's Complaint. In order to protect my confidentiality and privacy, and to avoid giving the Plaintiff the very information it seeks in the subpoena I am seeking to quash, I have identified myself as "DOE 24.161.169.151" in these papers.

1

such that Time Warner Cable is not required to disclose the identity ("the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses" as requested by the subpoena) of the subscriber associated with IP Address 24.161.169.151 to Plaintiff in response to the subpoena.

## THE RELEVANT FACTS

The following is a recitation of the facts as known to DOE 24.161.169.151:

- On March 28, 2011, Plaintiff filed the instant action, claiming that DOES 1-18 infringed Plaintiff's creative works. With respect to DOE 24.161.169.151, the alleged misconduct occurred on March 17, 2011. (Docket Entry No. 1, Complaint, Exhibit A.)

- On March 17, 2011, DOE 24.161.169.151 resided in San Diego, CA, and has for at least the past two years. (Declaration, at ¶ 1.)

- DOE 24.161.169.151 is employed in San Diego, CA. (Declaration, at ¶ 2.)

- DOE 24.161.169.151 has never knowingly or intentionally downloaded the "Torrent File" identified in Exhibit A of the Complaint, nor loaded it into any stream, nor reproduced it, nor distributed it. (Declaration, at ¶ 4.)

- The first time DOE 24.161.169.151 became aware of the "Torrent File" at issue was when Time Warner Cable sent him a letter bringing this matter to his attention as described further below. (Declaration, at ¶ 5.)

- On April 1, 2011, Plaintiff obtained an Order Granting Plaintiff's *Ex Parte* Motion for Expedited Discovery. (Docket Entry No. 8.) The Order authorized Plaintiff to serve Rule 45 subpoenas on the Internet Service Providers (ISPs) identified in Exhibit A to the Complaint. In turn, the ISPs were to serve a copy of the subpoena upon the subscribers within five days of receipt. The subscribers then had fifteen days from the date of service upon them to file any objections with this Court.

- On April 5, 2011, Plaintiff purported to issue a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Time Warner Cable. The subpoena was issued from the United States District Court for the Eastern District of Virginia. The subpoena states:

2

> In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format it.

- On May 2, 2011, DOE 24.161.169.151 received a letter from Time Warner Cable, attaching the subpoena and stating that it had received the subpoena from Plaintiff and that it would disclose the information requested by the subpoena unless it was notified by May 10, 2011 that papers to modify or block the subpoena had been filed. (Declaration, at ¶ 3.)
- Plaintiff's counsel, Steele Hansmeier PLLC, has filed at least three other similar actions in United States District Courts:
    - *CP Productions, Inc. v. DOES 1-300*, Case No. 1:10-cv-06255 (USDC for the Northern District of Illinois)
    - *Future Blue, Inc. v. DOES 1-300*, Case No. 1:10-cv-06256 (USDC for Northern District of Illinois)
    - *First Time Videos v. Does 1-500*, Case No. 1:10-cv-06254 (USDC for Northern District of Illinois)

## ARGUMENT

Although DOE 24.161.169.151 is not the direct target of the subpoena, but rather a subscriber of Time Warner Cable's internet services, he has standing to file this motion to quash and/or modify the subpoena as explicitly stated in the Court's April 1, 2011 Order. (Docket Entry No. 8 – "The subscribers shall then have 15 days from the date of service upon them to file any objections with this Court.") Additionally, DOE 24.161.169.151 has standing pursuant to the personal right and privilege of protection of information, identity, rights of jurisdiction, and undue burden of travel. *See Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995).

The purpose of the subpoena is to obtain the identities (e.g., "name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses") of the ISP subscribers so that they can be named as Defendants in the case. (Docket Entry No. 1, Complaint, at ¶ 8.) This is procedurally improper – a plaintiff cannot undertake discovery or serve subpoenas to find jurisdictional facts. *See, e.g., Fielding v. Hubert Burda Media*, 415 F.3d 429, (5th Cir. 2005). Such exercises are no more than "fishing expeditions" that should be denied. *See, e.g., Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003); *Base Metal Trading, Ltd. v. OFSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 216 n.3 (4th Cir. 2002). Accordingly, the subpoena should be quashed since it was issued with an improper purpose.

Even if added to the case, venue would not even be proper for DOE 24.161.169.151. In particular, Plaintiff alleges that venue in this Court is proper under 28 U.S.C. §§ 1391(b) and 1400(a) because Doe Defendants reside in this district, may be found in this district, and/or committed acts of infringement in this district. (Docket Entry No. 1, Complaint, at ¶ 4.) However, DOE 24.161.169.151 does not reside in the Northern District of California, cannot be found there, and has not committed any acts of infringement there. Instead, at all relevant times to this action, DOE 24.161.169.151 has resided in San Diego, CA. (Declaration, at ¶ 1.) Indeed, even a simple Google search of "IP Address 24.161.169.151" reveals that it is located in San Diego, CA. Accordingly, requiring Time Warner Cable to reveal the identity of DOE 24.161.169.151 would be a fruitless exercise since Plaintiff cannot maintain a cause of action against DOE 24.161.169.151 in this Court. Instead, it will lead to more motion practice as DOE 24.161.169.151 will file a motion to dismiss based on lack of venue if and when it is added to this case by Plaintiff. This warrants quashing the subpoena, at least with respect to DOE 24.161.169.151. *See CP Productions, Inc. v. DOES 1-300*, Case No. 1:10-cv-06255 (USDC for the Northern District of Illinois), Docket Entry No. 32 at 3 ("As if those things were not enough to call for dismissal (and they are), CP's placement of venue in this judicial district is more than suspect. CP itself is an Arizona-based Arizona corporation, and Complaint ¶7 is totally (and

4

unpersuasively) speculative in its assertions as to venue regarding the "Doe" defendants (see 28 U.S.C. §1391(b)).")

Additionally, the Complaint in this action is defective because it improperly joins DOES 1-18 as defendants. FRCP 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Fed. R. Civ. P. 20. What Plaintiff seeks here – joinder based on separate, but allegedly similar behavior by individuals using the internet – has been rejected by courts across the country, including this one. *See Twentieth Century Fox Film Corp. et al. v. Does 1-12*, No. C-04-04862 (N.D. Cal. Nov. 16, 2004); *UMG Recordings, Inc., et al. v. Does 1-51*, No. A-04-CA-704 LY (W.D. Tex. Nov. 17, 2004); *LaFace Record, LLC v. Does 1-38*, No. 5:07-cv-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008); *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004). Plaintiff makes no allegation in this case that the claims against the joined defendants "arise out of the same transaction, occurrence, or series of transactions or occurrences." Instead, it seems that the copyright infringement claim against each Defendant is based on the individual acts of each Defendant. Plaintiff only alleges in its Complaint that each defendant uses the same method for committing the infringement, but "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder. *West Coast Prods., Inc. v. Does 1-535*, No. 3:10-CV-94 (N.D. W. Va. Dec. 16, 2010) (order severing all defendants from action except Doe 1). In fact, several courts agree that where there is no allegation that multiple defendants have acted in concert, joinder is improper. *See, e.g., Fonovisa Inc. et at. v. Does 1-41*, No. A-04-CA-550-L Y (W.D. Tex. Nov. 17,2004) (sua sponte dismissing without prejudice all but the first defendant in several cases filed by recording companies against numerous Does accused of violating federal copyright laws by downloading music from an "online media distribution system"); *BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237, *5-6 (N.D. Cal. July 31, 2006) (sua sponte severing multiple defendants in action where only connection between them was allegation they used same ISP to conduct copyright infringement). Accordingly, Plaintiff's Complaint should be dismissed sua sponte and the subpoena quashed.

Furthermore, requiring Time Warner Cable to reveal the identity of DOE 24.161.169.151 will cause an undue burden on DOE 24.161.169.151 since he will be forced to litigate (e.g., travel, file papers, etc.) in a forum that is not convenient for him and one that is over 100 miles from where he resides. Requiring individuals to litigate in foreign districts is exactly the sort of hardship and unfairness that the venue statutes are meant to eliminate. 28 U.S.C. §§ 1391(b). Moreover, FRCP 45(c)(3) states that a subpoena must be quashed or modified if it "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person" or if it "subjects a person to undue burden" Fed. R. Civ. P. 45(c)(3)(A). Even though DOE 24.161.169.151 is not the direct target of the subpoena, the practical effect of its enforcement is that DOE 24.161.169.151 will be added to this lawsuit and then be required to travel more than 100 miles from where he resides, is employed, and regularly transacts business in person in order to make court appearances and defend himself against a baseless claim. This is clearly an undue burden on him and warrants quashing the subpoena.

Additionally, the revelation of the identity of DOE 24.161.169.151 violates his personal rights to privacy and the protection of his confidential information, such as his "name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses," all of which the subpoena request. This, of course, is one of the explicit bases under Federal Rule of Civil Procedure 45 for which a subpoena **must** be quashed or modified. In particular, FRCP 45(c)(3)(A) states that a subpoena must be quashed or modified if it "requires disclosure of privileged or other protected matter . . . ." Fed. R. Civ. P. 45(c)(3)(A). Even if the Court deems the information as not being "privileged or other protected matter" under FRCP 45(c)(3)(A), it certainly qualifies as confidential commercial information. As such, the Court **may** quash or modify the subpoena under FRCP 45(c)(3)(B) since it requires "disclosing . . . confidential . . . commercial information" (i.e., "name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses"). Fed. R. Civ. P. 45(c)(3)(B). Accordingly, DOE 24.161.169.151 requests that his privacy and confidential information be protected as dictated by FRCP 45(c)(3)(A) and (B).

6

The protection of the identity of DOE 24.161.169.151 is particularly important in the circumstances of this case. The subject matter of the alleged copyrighted work is pornographic material. (*See* Docket Entry No. 1, Complaint, Exhibit A.) Thus, in order to avoid unnecessary and undeserved public embarrassment, the identity of DOE 24.161.169.151 must be protected. Indeed, no Protective Order has been entered in this case to protect the confidential information of any party from public disclosure or use outside of this matter. Even more, Plaintiff's allegations of infringement cannot be sustained on the merits. As abovementioned, DOE 24.161.169.151 has never knowingly or intentionally downloaded the "Torrent File" identified in Exhibit A of the Complaint, nor loaded it into any stream, nor reproduced it, nor distributed it. (Declaration, at ¶ 4.) The first time DOE 24.161.169.151 became aware of the "Torrent File" at issue was when Time Warner Cable sent him a letter bringing this matter to his attention as described further below. (Declaration, at ¶ 5.) It is not clear whether the actual infringer (if there even is one) could have been a visitor with her laptop using DOE 24.161.169.151's internet connection, a neighbor using the internet connection, or someone parked on the street at any given moment using the internet connection. However, what is clear is that Plaintiff has not pled any actual actions by DOE 24.161.169.151 in which he could be liable for copyright infringement or civil conspiracy.

In fact, Plaintiff's tactics in this case are merely part of a larger course of repeated action by unscrupulous plaintiffs. Plaintiffs, including those represented by the very same counsel in this case, have filed similar lawsuits and sought similar discovery in a number of cases in jurisdictions across the country and judges in those courts have rebuked those tactics:

- *CP Productions, Inc. v. DOES 1-300*, Case No. 1:10-cv-06255 (USDC for the Northern District of Illinois); **same Plaintiff's counsel**; Docket Entry No. 32 – "It is unnecessary to set out all the reasons that dismissal of this action is the proper course—a few of the principal difficulties will suffice. Among other things, the newest motion demonstrates that there is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist and—more importantly—

7

as to whom CP's counsel could readily have ascertained that fact. Moreover, if the 300 unnamed defendants have in fact infringed any CP copyrights (something that this Court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap—if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350. As if those things were not enough to call for dismissal (and they are), CP's placement of venue in this judicial district is more than suspect. CP itself is an Arizona-based Arizona corporation, and Complaint ¶7 is totally (and unpersuasively) speculative in its assertions as to venue regarding the "Doe" defendants (see 28 U.S.C. §1391(b))."; Docket Entry No. 33 – "CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit."

- *Future Blue, Inc. v. DOES 1-300*, Case No. 1:10-cv-06256 (USDC for Northern District of Illinois); **same Plaintiff's counsel**
- *First Time Videos v. Does 1-500*, Case No. 1:10-cv-06254 (USDC for Northern District of Illinois); **same Plaintiff's counsel**
- *Third World Media v. DOES 1-1243*, Case No. 3:10-cv-00090 (USDC for the Northern District of West Virginia; Order No. 66 – "All defendants except Doe 1 are hereby SEVERED from this action. Civil Action No. 3:10-CV-90 SHALL BE assigned to John Doe No. 1 as an individual defendant. (Entered 12/16/2010)"
- *LFP Internet Group LLC v. DOES 1-1106*, Case No. 3:10-cv-02096 (USDC for the Northern District of Texas); Docket Entry No. 7 – "All Defendants except Doe 1 are hereby SEVERED from this action. The subpoenas served on the ISPs

8

listed in Exhibit A of Plaintiff's Complaint are hereby QUASHED as to all Defendants, DOES 1-1,106. (Entered: 02/14/2011)"; Order No. 8 – "[T]he Court VACATES its Order granting Plaintiff's Motion for Leave to Take Discovery. Additionally, the Court enters this Order to Show Cause why the Court should not appoint an attorney ad litem to represent Defendant Doe's interest in the Motion for Leave to Take Discovery Prior to a Rule 26(f) Conference. (Entered: 02/15/11)"

These types of lawsuits have also been widely report in the media, especially those focusing on the internet. See, e.g., http://news.cnet.com/8301-31001_3-20006528-261.html. It is a common tactic for plaintiffs to demand payment of thousands of dollars to settle claims, and to back those demands with baseless threats of damages of up to $150,000. Thus, what is clear is that Plaintiff is abusing the legal system in an effort to embarrass and harass innocent individuals so that it can attempt to secure quick settlements from them These types of actions have been admonished in other courts, should be admonished here as well, and the subpoena should be quashed. See, e.g., http://www.techdirt.com/articles/20110430/00274114096/judge-slams-copyright-troll-lawyer-john-steeles-latest-fishing-expedition.shtml.

## CONCLUSION

For the reasons set forth above, DOE 24.161.169.151 respectfully requests that the Court quash the subpoena or, alternatively, strike DOE 24.161.169.151 from the scope of the subpoena such that Time Warner Cable is not required to disclose the identity ("the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses" as requested by the subpoena) of the subscriber associated with IP Address 24.161.169.151 to Plaintiff in response to the subpoena.

Dated: May 6, 2011

Respectfully submitted,

_DOE 24.161.169.151_

9

DOE 24.161.169.151

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MCGIP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DOES 1-18,<br><br>    Defendants. | No. 11-cv-01495 EMC<br><br>**DECLARATION OF DOE 24.161.169.151 IN SUPPORT OF MOTION TO QUASH AND/OR MODIFY PLAINTIFF MCGIP, LLC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO TIME WANER CABLE** |

    I, DOE 24.161.169.151[2], pro se declare as follows:

    1.    On March 17, 2011, I resided in San Diego, CA, and have for at least the past two years.

    2.    I am employed in San Diego, CA.

    3.    On May 2, 2011, I received a letter from Time Warner Cable, attaching the subpoena and stating that it had received the subpoena from Plaintiff and that it would disclose the information requested by the subpoena unless it was notified by May 10, 2011 that papers to modify or block the subpoena had been filed.

    4.    I have never knowingly or intentionally downloaded the "Torrent File" identified in Exhibit A of the Complaint, nor loaded it into any stream, nor reproduced it, nor distributed it.

    5.    The first time I became aware of the "Torrent File" at issue was when Time Warner Cable sent me a letter bringing this matter to my attention.

---

[2] The undersigned identifies himself as the subscriber associated with the IP Address 24.161.169.151, identified in Exhibit A to Plaintiff's Complaint. In order to protect my confidentiality and privacy, and to avoid giving the Plaintiff the very information it seeks in the subpoena I am seeking to quash, I have identified myself as "DOE 24.161.169.151" in these papers.

11

Dated: May 6, 2011

_DOE 24.161.169.151_

DOE 24.161.169.151

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 6, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing documents using the Court's CM/ECF system.

Dated: May 6, 2011                    Respectfully submitted,

*/s/ DOE 24.161.169.151*

DOE 24.161.169.151

13