UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCGIP, LLC, | No. C-11-1495 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING DOE'S MOTION TO QUASH** |
| DOES 1-18, | **(Docket No. 11)** |
| Defendants. | |
| _____/ | |

Doe 24.161.169.151 has filed a motion to quash a subpoena issued by Plaintiff. Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** the motion to quash.[1]

First, "[a] general denial of engaging in copyright infringement is not a basis for quashing . . . . [Doe's] [d]enial of liability may have merit, [but] the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable." *Voltage Pictures, LLC v. Does*, No. 10-0873 (BAH), 2011 U.S. Dist. LEXIS 50787, at *18-20 (D.D.C. May 12, 2011).

Second, the discovery is not being sought either to establish jurisdictional facts or for an improper purpose. Rather, Plaintiff is seeking only to identify who the defendants in this case are.

Third, Doe's assertion of improper venue and/or inconvenient forum may have merit but, at this juncture of the proceedings, is premature. *Cf. Call of the Wild Movie, LLC v. Does*, Nos. 10-455 (BAH), 10-569 (BAH), 10-1520 (BAH), 2011 U.S. Dist. LEXIS 29153, at *31 (D.D.C. Mar. 22,

---

[1] The Court notes that, although the subpoena was issued by a different court (*i.e.*, a district court from the Eastern District of Virginia), this Court was the one to initially authorize the discovery at issue. *See* Docket No. 8 (order). Moreover, in that order, the Court specifically stated that a subscriber could present an objection to this Court.

2011) (concluding that, "[w]hen the [doe] defendants are named, they will have the opportunity to file appropriate motions challenging the Court's [personal] jurisdiction and that will be the appropriate time to consider this issue").

Fourth, Doe's assertion of improper joinder may be meritorious but, "[a]t this stage in the litigation, . . . when discovery is underway [only] to learn identifying facts necessary to permit service on Doe defendants, joinder . . . of unknown parties identified only by IP addresses is proper," particularly where, are here, the complaint contains allegations that the Doe Defendants have infringed Plaintiff's copyright through "the same file-sharing software program [*i.e.*, BitTorrent] that operates through simultaneous and sequential computer connections and data transfers among the users." *Voltage*, 2011 U.S. Dist. LEXIS 50787, at *29. Doe may, at a later point in this litigation, raise the joinder issue if Plaintiff maintains this action against him or her.

Fifth, while the Court is not unsympathetic to Doe's privacy argument, it is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so. *See UMG Recordings, Inc. v. Does*, No. 06-0652 SBA (EMC), 2006 U.S. Dist. LEXIS 32821, at *8-9 (N.D. Cal. Mar. 6, 2006). If, however, Plaintiff decides to maintain this action against Doe (and not dismiss him or her), the Court hereby requires Plaintiff to seek leave of the Court before publicly identifying Doe in its filings. Absent Court order, Doe names shall be kept confidential.

Sixth, the fact that Plaintiff has initiated other lawsuits does not mean that this lawsuit (or even the others) is without any merit. The Court also notes that, in this case at least, there are only 18 Doe Defendants – not hundreds or thousands.

///
///
///
///
///
///
///

Accordingly, Doe's motion to quash is denied. Because the Court does not have contact information to notify Doe of the denial or his or her motion, the Court orders Plaintiff to provide a copy of this order to the relevant ISP, with the instruction that the ISP should in turn provide a copy of the order to Doe (its subscriber).

This order disposes of Docket No. 11.

IT IS SO ORDERED.

Dated: June 2, 2011

_____
EDWARD M. CHEN
United States District Judge

3