Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| MCGIP, LLC, | ) | No. C-11-01495 EMC |
| Plaintiff, | ) | |
| v. | ) | **PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE** |
| DOES 1-18, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELEIF FOR LEAVE TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE**

Plaintiff MCGIP, LLC, by and through its undersigned counsel, and pursuant to Northern District of California Local Rule (hereinafter "L.R.") 7-11, hereby moves this Court for administrative relief for an order continuing the initial case management conference for good cause. At this point in the litigation, Plaintiff has issued Court authorized subpoenas to Internet Service Providers (hereinafter "ISPs") to identify, and later serve, the Doe Defendants in this suit. As of now, the ISPs are still in the process of gathering the information requested in the subpoenas, and have not provided Plaintiff with any definitive time table within which that identifying information will be obtained, and/or turned over to Plaintiff. At this point, therefore, Plaintiff cannot identify the Doe Defendants in this suit.

For reasons more fully explained below, and in the Exhibit A attached hereto, "Declaration of Brett L. Gibbs in Support of Application for a Continuance" (hereinafter "Gibbs Decl."), Plaintiff respectfully requests that this Court continue the Initial Case Management Conference (hereinafter "ICMC") to **Friday, November 11, 2011, at 9:00 a.m. on the 15th Floor in Courtroom C of the San Francisco Federal Court**, or to a later date that is in accordance with this Court's schedule. This continuance should allow the ISPs to gather and distribute to Plaintiff the information required by the subpoenas, and would likely allow Plaintiff to evaluate whether each Doe Defendant should be named – and therefore served – in this suit.

## BACKGROUND

On March 28, 2011, Plaintiff filed this lawsuit alleging copyright infringement and conspiracy against Doe Defendants (DKT#1). The Clerk's Office scheduled the ICMC for July 13, 2011 (DKT#3). The deadline to "meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan," and submit ADR documents, was set for June 22, 2011 (*Id.*). On March 30, 2011, Plaintiff filed its *Ex Parte* Motion For Expedited Discovery (DKT#6) with supporting exhibits.

On April 1, 2011, this Court granted Plaintiff's revised *Ex Parte* Application (DKT#8), which allowed Plaintiff to issue the subpoenas necessary to identify Doe Defendants, and also provided a time schedule for all ISPs to provide such information and for any Doe Defendant to file a motion to quash a subpoena issued to an ISP. Over the days following the Court's April 1, 2011 Order (DKT#8), the subpoenas were served on the ISPs (*See* Gibbs Decl. ¶ 2).

On May 5, 2011, an anonymous individual, identifying himself as "DOE 24.161.169.151" (hereinafter "Doe#1"), moved the Court to quash and/or modify Plaintiff's nonparty subpoena (hereinafter "Doe#1's Motion") (DKT#11). On May 31, 2011, Plaintiff filed an opposition (DKT#12), and, on June 2, 2011, the Court issued its Order Denying Motion to Quash (DKT#14).

## DISCUSSION

Given the circumstances, Plaintiff has one simple, yet cogent, reason for requesting a continuation of the scheduled ICMC. At this time, the ISPs have yet to identify the Doe Defendants in this suit to Plaintiff. Though the subpoenas went out, no names have returned. While some of this might be related to Doe#1's Motion, most of this can be simply chalked up to how the ISPs process these types of requests. While the ISPs ultimately get the job done, they can be slow in doing so.

Without the Defendants, the ICMC is a waste of Plaintiff's and the Court's time. Though the prospect is highly unlikely, even if the names were to be in Plaintiff's attorney's possession tomorrow, contacting these individuals, serving them, and naming to this suit would realistically take at least a couple of months. Plaintiff and Defendants would not have time to comply with the Order Setting ICMC deadlines (DKT#3). Plaintiff respectfully brings this motion to request more time to get the information necessary to approach a future ICMC, and meaningfully participate in it.

L.R. 16-2(d), entitled, "Relief from Case Management Schedule," reads, in part, as follows:

> By serving and filing a motion with the assigned judge pursuant to Civil L.R. 7, a party, … may seek relief from an obligation imposed by FRCivP 16 or 26 or the *Order Setting Initial Case Management Conference*. The motion must:
> (1) Describe the *circumstances which support the request*;
> (2) Affirm that counsel for the moving party has conferred with all other counsel to reach agreement about the matter and, for each other *party*, report whether that party supports or opposes the request for relief;
> (3) Be accompanied by proposed revised case management schedule…

(emphasis added).

At this point, most ISPs in this case have sent out letters to the relevant subscribers attached to the IP Addresses listed on Exhibit A of the Complaint (DKT#1 at 13), but no ISPs have delivered any subscriber information to Plaintiff as required by the subpoenas (Gibbs Decl. ¶ 3). This process understandably takes time. Plaintiff is patiently waiting for the ISPs to release the information to it, but has no power to force their collective hands beyond the subpoenas. From past dealings with the

ISPs, these names will start trickling in once the information has been gathered, all the subscribers have been notified, and all of the time periods have been amply cleared (Gibbs Decl. ¶ 4). Plaintiff, by and through its attorneys, is working with the ISPs to make this process as efficient and problem-free as possible (Gibbs Decl. ¶ 5). Depending on the ISP, and its willingness to cooperate, the identifying process can take days, weeks, or months from this point (Gibbs Decl. ¶ 6). Should Plaintiff, or its attorneys, run into any major, and unjustified, resistance or delays, Plaintiff, by and through its attorneys, will notify the Court (Gibbs Decl. ¶ 7).

Put plainly, at this juncture, the line items listed on the Court's Order Setting Initial Case Management Conference and ADR Deadlines (DKT#3) would be entirely one-sided: Plaintiff would be meeting, alternatively disputing, and conferencing with itself. This would be a waste of Plaintiff's and the Court's valuable time and resources.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court continue the ICMC from July 13, 2011, to **Friday, November 11, 2011, at 9:00 a.m. on the 15th Floor in Courtroom C of the San Francisco Federal Court**, or to a later date that is in accordance with this Court's schedule.

Respectfully Submitted,

STEELE HANSMEIER PLLC,

**DATED: June 9, 2011**

By: \_\_\_\_/s/ Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 10, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

DOE 24.161.169.151
(No Further Identifying Information Provided)

                                               /s/  Brett L. Gibbs
                                                Brett L. Gibbs, Esq.