UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MCGIP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DOES 1-18,<br><br>    Defendants.<br>_____/ | No. C 11-01495 EMC (NJV)<br><br>ORDER DENYING MOTION TO QUASH SUBPOENA (Doc. No. 20) |

This is a copyright action in which Plaintiff alleges that the Doe Defendants illegally reproduced and distributed Plaintiff's copyrighted creative works over an Internet computer network peer-to-peer "sharing" website. On April 1, 2011, District Judge Edward M. Chen entered an order granting Plaintiff's *ex parte* motion for expedited discovery. That order provides in pertinent part as follows:

> Plaintiff is hereby authorized to serve Rule 45 subpoenas and a copy of this Order upon each and every Internet Service Provider (ISPs) identified in Exhibit A attached to the Complaint. The information sought shall be limited to information sufficient to identify each Defendant based on supplied IP addresses, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address.
>
> Each ISP so served shall, in turn, serve a copy of the subpoena and a copy of this Order upon the subscriber (whose identity is sought through the subpoena and for whom Plaintiff has provided an IP address) within five (5) days of the ISP's receipt of the subpoena. The subscribers shall then have 15 days from the date of service upon them to file any objections with this Court. If that 15-day period elapses without any subscriber filing an objection or a motion to quash, the ISP served with the subpoenas shall have ten (10) days after said lapse to produce each subscriber's name, address, telephone number, e-mail address, and Media Access Control addresses to Plaintiff pursuant to the subpoena.

Docket No. 8, Order Granting Plaintiff's *Ex Parte* Motion for Expedited Discovery,1-2.

An anonymous individual ("Movant") associated with Internet Protocol ("IP") address 68.8.188.151 filed a motion to quash the nonparty subpoena issued to Cox Communications. (Docket No. 20.) In support of his motion to quash, Movant first contends that the Court lacks personal jurisdiction over him and that venue is improper in this Court. Judge Chen has previously addressed and rejected this contention in this case, finding it premature. Docket No. 14, Order Denying Doe's Motion to Quash, 1-2. *Cf. Call of the Wild Move, LLC v. Does*, Nos. 10-455 (BAH), 10-569 (BAH), 2011 U.S. Dist. LEXIS 29153, at *31 (D.D.C. Mar. 22, 2011) (concluding that, "[w]hen the [doe] defendants are named, they will have the opportunity to file appropriate motions challenging the Court's [personal] jurisdiction and that will be the appropriate time to consider this issue").

Second, Movant contends that the subpoena should be quashed because it lacks information pertaining to any copyrighted work and because Plaintiff does not make any specific allegation that there has been unauthorized copying of media that was not lawfully acquired by the Does. As Plaintiff argues in response, the list of permissible grounds for quashing or modifying a subpoena does not include failure to identify the specific grounds for the lawsuit itself in the subpoena. *See* Fed. R. Civ. P. 45(c)(3).

Third, Movant contends that joinder of the eighteen defendants in this action is improper. Again, Judge Chen has already rejected this argument in this lawsuit, finding it premature. Docket No. 14, Order Denying Doe's Motion to Quash, 2:4-11. *See Voltage Pictures, LLC v. Does*, No. 10-0873 (BAH), 2011 U.S. Dist. LEXIS 50787, at *18-20 (D.D.C. May 12, 2011) (finding joinder of unknown parties identified only by IP addresses to be proper particularly where the complaint alleges that they have infringed Plaintiff's copyright through the same file-sharing software).

Accordingly, Movant's motion to dismiss is HEREBY DENIED. Because the Court does not have contact information to notify Movant of the denial of his motion, the Court orders Plaintiff to provide a copy of this order to the relevant ISP, with the instruction that the ISP should provide a copy of the order to Movant, who is its subscriber.

IT IS SO ORDERED.

Dated: August 30, 2011

NANDOR J. VADAS
United States Magistrate Judge

2